MANY *et al.*, Defendants in Error, v. LOGAN, Plaintiff in Error.

1. The thirty-ninth section of the act concerning voluntary assignments renders all preferences among the creditors who are within the provisions of an assignment void.

2. Where an assignment provides for the payment of the debts of certain designated creditors, conveying effects insufficient to pay such preferred debts, it will not be held to bring creditors unnamed and unprovided for " within the provisions of the assignment" by the following provision: " When all said debts are paid in full, then hold the residue for the benefit of all my creditors, to be apportioned *pro rata* among them by the said trustee, and the remainder, if any, shall be paid to the party of the first part."

*Error to Marion Circuit Court.*

This was a petition for a rule or citation directed to the defendant Logan requiring him to show cause why he should not distribute funds held by him as trustee under an assign-

ment for the benefit of creditors made by one Samuel W. Riggs. Plaintiffs claimed a portion of said funds as creditors of said Riggs. The defendant in his answer admitted that he had funds in his hands to the amount of five thousand dollars, but set up that he was required by the trust he had taken upon himself to pay all of said money to certain other creditors named and provided for in the deed of assignment, and that plaintiffs were not named or provided for. The answer also set forth that the money in his hands was not sufficient to pay the costs of executing the trust and the debts mentioned in the deed. All the parties named in the deed had appeared before the defendant as trustee and duly proved their claims; so also had the plaintiffs. The court ordered the assignee to distribute the fund *pro rata* among all the parties, including the plaintiffs, who had appeared before the assignee and proved their claims. It is this decision that is sought to be reviewed in this case.

The deed of assignment, so far as it bears upon the matter now in controversy, is sufficiently set forth below in the opinion of the court.

*Lamb & Lakenan, Pratt & McCabe*, for plaintiff in error.

I. A debtor may still prefer the debt of one creditor over the debts of another. (Shapleigh v. Baird, 26 Mo. 322.) The deed in this case was for value, and was made for the benefit of certain named *bona fide* creditors, and as such the instrument is valid for the purposes intended by the assignor. (19 Mo. 17.) The provision for the benefit of other and unnamed creditors does destroy the preference given to the named *bona fide* creditors. (26 Mo. 322.) The court erred in ordering the assets in the hands of the trustee to be distributed *pro rata* between the preferred and deferred creditors. There is no provision in this deed providing for the payment of the debt of the plaintiffs. All the creditors named in the deed are placed on the same footing. It is one thing to name a creditor, another thing to provide for the payment of his debt.

*Porter & Harrison, Dryden & Lipscomb,* for defendants in error.

I. This case has heretofore been before this court. (27 Mo. 528.) The court properly directed a *pro rata* division of the fund among all the creditors.

SCOTT, Judge, delivered the opinion of the court.

Samuel W. Riggs made a deed of assignment to John Logan for the benefit of certain preferred creditors, dated January 30, 1858. The deed, after describing the property conveyed, specifying the preferred debts and creditors, and directing the manner in which the assigned effects shall be sold, and after providing that the costs and expenses of the deed of assignment and the preferred debts shall be paid in their order, contains the following clause: "When all said debts are paid in full, then hold the residue for the benefit of all my creditors, to be apportioned *pro rata* among them by the said trustee; and the remainder, if any, shall be paid to the party of the first part." The question is whether the clause above cited, providing that the residue, after satisfying the preferred creditors, shall be distributed among all the creditors, brings the debts and liabilities of the creditors not named "within the provisions of the assignment," so that those debts and liabilities shall be paid *pro rata* with the debts named and preferred in the deed of assignment. The assigned effects were insufficient to pay the preferred debts by a large amount.

The thirty-ninth section of the act concerning assignments enacts that "every provision in any assignment hereafter made in this state providing for one debt or liability in preference to another shall be void; and all debts and liabilities, within the provisions of this assignment, shall be paid *pro rata* from the assets thereof." The case of Shapleigh v. Baird, 26 Mo. 323, decided that the act concerning voluntary assignments did not take away from the debtor the common law right of making an assignment by which some creditors

7—VOL. XXXI.

were preferred, notwithstanding the thirty-ninth section of that act; that, taking the whole act together, the thirty-ninth section was only designed to prevent preferences among those creditors who are provided for in the deed of assignment.

We do not consider that the clause in the deed, providing that, after the satisfaction of the preferred debts, the residue shall be distributed *pro rata* amongst the other creditors, can be termed a provision for them in the sense in which that word is used in the case to which reference has been made. If the debtor still has the right to prefer some creditors to others, making no discrimination among those preferred, the debtor would be misled and deceived, by giving to a clause, which merely disposed of a residue, which might or might not happen, to the use of the unpreferred creditors, the effect of converting the assignment into one for the benefit of all the creditors. Such a provision may be inserted with a view to prevent the question arising whether or not the assignment is fraudulent as a mere matter of precaution. Cases have occurred in which it was litigated whether a provision, in a deed of assignment for some of the creditors, requiring that the residue, after satisfying the preferred debts, should be paid to the debtor, did not avoid the deed for fraud as containing a reservation of use for the grantor. The property conveyed fell far short of satisfying the preferred debts, and to hold that a clause, which provided for a contingency which did not and could not happen, [should be construed] into a provision for creditors, would make the case of Shapleigh v. Baird a snare to the debtor who felt himself under a moral obligation to give a preference to some of his creditors. There are but few deeds giving a preference to some creditors which do not from prudential motives contain a provision similar to that found in the deed under consideration.

The other judges concurring, the judgment will be reversed and the cause remanded.